CROSNER LEGAL, P.C.
Michael T. Houchin (SBN 305541)
mhouchin@crosnerlegal.com
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RYAN LOOF, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>DYNAGEN LENDING, LLC,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Ryan Loof ("Plaintiff") brings this class action complaint against Dynagen Lending, LLC ("Defendant" or "Dynagen"). These allegations are grounded in counsel's investigation and are presented upon information and belief, except for those directly concerning Plaintiff, which are based on personal knowledge.

## NATURE OF THE ACTION

1. Dynagen Lending is a residential mortgage brokerage based in Southfield, Michigan, that assists clients with home purchases, refinancing, and home equity financing. They operate as a mortgage broker and facilitate various loan types.[1]

2. Plaintiff asserts violations of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and its implementing regulations (the "TCPA"). This action arises from Defendant's telemarketing text message campaign that sent unsolicited marketing text messages to Plaintiff's cellular telephone number despite his number being registered on the National Do Not Call Registry (the "NDCR"), in violation of the TCPA.

3. Based on Defendant's pervasive violations of the TCPA and its implementing regulations, Plaintiff—on behalf of himself and all similarly situated individuals—seeks statutory damages, injunctive relief, and any other relief the Court deems just and proper.

## PARTIES

4. Plaintiff Ryan Loof is, and has at all relevant times been, a resident of Sacramento County, California.

5. Defendant Dynagen Lending, LLC is a Michigan limited liability company that maintains its principal place of business in Southfield, Michigan.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C. § 227, *et seq.*

7. The Court has personal jurisdiction over Defendant because this action arises out of and relates to Defendant's substantial aggregate contacts within California, including

[1] https://dynagenlending.com/

pervasive telemarketing to residents of California. Defendant has engaged in conduct in California that has a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons throughout California, including because Defendant directed the telemarketing texts at issue to Plaintiff in this District and conducts business in California, including within the Eastern District of California.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District. Plaintiff resides in this District and received the telemarketing text messages at issue while in this District.

## BACKGROUND OF THE TCPA

9. Commercial telemarketing, whether via text messages or telephone calls, can be burdensome, intrusive, and annoying. In response to the growth of commercial telemarketing, Congress passed the TCPA in 1991.

10. In passing the TCPA, Congress found that unrestricted telemarketing can be an "intrusive invasion of privacy . . . ." Pub. L. No. 102-243, § 2(5), 105 Stat. 2394 (1991).

11. Faced with public outrage over intrusive telemarketing, Congress passed the TCPA seeking to balance "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms of speech and trade," protecting privacy while permitting legitimate telemarketing practices. *Id.* at § 2(9).

12. Congress directed the Federal Communications Commission (the "FCC") to prescribe regulations "to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object," including by implementing a "single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations," in other words, the NDCR. 47 U.S.C. §§ 227(c)(1), 227(c)(3).

13. The FCC has interpreted the TCPA to "encompass[ ] both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls," generally referred to as text messages. *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14115 (July 3, 2003).

CROSNER LEGAL, P.C.

14. The TCPA and its regulations thus allow consumers to register their telephone numbers with the NDCR to indicate that they do not wish to receive telephone solicitations (including text messages). *See* 47 C.F.R. § 64.1200(c)(2) (It is unlawful for a person or entity to initiate any telephone solicitation to a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.").

15. When a person places their phone number in the NDCR, this registration must be "honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

16. The TCPA provides for a private right of action against persons or entities that do not respect the NDCR or a consumer's request to opt-out of telephone solicitations. 47 U.S.C. § 227(c)(5).

17. If a person receives more than one telephone solicitation within any 12-month period in violation of the NDCR or their request to opt-out of telephone solicitations, that person may bring an action for actual damages or statutory damages of $500 per violation, whichever is greater, and/or for injunctive relief. *Id.* Actual or statutory damages may be trebled where a defendant willfully or knowingly violates the NDCR regulations. *Id.*

## FACTUAL ALLEGATIONS

18. Plaintiff Ryan Loof is an individual residing in Sacramento County, California.

19. Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

20. Alternatively, Defendant is an "entity" as that term is contemplated by the TCPA and its implementing regulations.

21. Plaintiff's cellular telephone number, (916) 719-XXXX is a personal, residential line he uses for household purposes, and not for business or commercial purposes.

22. Plaintiff uses his cellular telephone number primarily to communicate with friends and family as well as other typical household purposes. Plaintiff does not list or hold out his cellular telephone number to the public as a business line, nor is the number registered with any commercial, professional, or government business directories.

CROSNER LEGAL, P.C.

23. Plaintiff is the subscriber for the telephone number (916) 719-XXXX, and he personally pays for his cell phone plan.

24. Plaintiff registered his cellular telephone number on the NDCR on October 14, 2021, more than thirty days prior to receiving the text messages at issue in this complaint.

25. Beginning on or around June of 2026, Plaintiff received several marketing text messages from Defendant to his personal cellular telephone number.

26. The text messages promoted Defendant's services, including an offer for a mortgage.

27. Example screenshots of the texts sent by Defendant are reproduced below:



28. Plaintiff did not provide prior express written consent for Defendant to send him telemarketing text messages, and he had no prior business relationship with Defendant.

29. The texts were sent using a mass marketing platform that sent the messages en masse without human intervention and/or utilized prerecorded or artificial message content, as evidenced by templated content.

30. Each of the unsolicited telemarketing text messages from Defendant encouraged Plaintiff to contact Defendant.

31. These unwanted texts invaded Plaintiff's privacy, annoyed and aggrieved him, and caused time loss and device intrusion.

**CLASS ALLEGATIONS**

32. Plaintiff brings this action on behalf of himself and the following Class pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3):

> **The NDCR Class:**
> All persons in the United States whose (1) residential cellular telephone numbers were on the NDCR for at least 31 days, and who (2) received two or more telemarketing text messages within any 12-month period from or on behalf of Defendant, (3) advertising Defendant's goods or services, (4) at any time in the four years preceding the filing of this Complaint through trial.

33. Excluded from the Class are: (i) Defendant and its officers, directors, and employees; (ii) any person who files a valid and timely request for exclusion; (iii) judicial officers and their immediate family members and associated court staff assigned to the case.

34. Plaintiff reserves the right to amend or otherwise alter these class definitions at the appropriate time, or to propose or eliminate subclasses, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

35. The Class is appropriate for certification because Plaintiff can prove the elements of the claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

36. The Class is ascertainable from Defendant's records and third-party messaging platform records identifying outgoing text campaigns, target numbers, and content.

37. Numerosity: the members of the Class are so numerous that joinder of all members is impracticable. On information and belief, the proposed class contains thousands of individuals if not many more.

38. Commonality: There is a well-defined community of interest in the common questions of law and fact affecting all members of the Class. The questions of law and fact common to members of the Class, which predominate over any questions which may affect individual members of the Classes include, but are not limited to:

a. whether Defendant sent or caused to be sent telemarketing texts to residential cellular telephone numbers on the NDCR;

b. whether such texts were telephone solicitations under the TCPA;

c. whether Defendant failed to implement a written policy for maintaining an internal do-not-call list and to train its personnel engaged in telemarketing on the use of any such internal do-not-call list;

d. whether Defendant's conduct violated the TCPA;

e. whether Defendant's violations were willful or knowing.

39. Typicality: Plaintiff's claims are typical of those of the Class because Plaintiff, like all members of the Class, received multiple texts from Defendant during a 12-month period, even though his cellular telephone number was registered in the NDCR.

40. Adequacy: Plaintiff is an adequate Class representative because Plaintiff's interests do not conflict with the interests of the Class Members Plaintiff seeks to represent; the TCPA claims are common to all other members of the Class, and Plaintiff has a strong interest in vindicating the rights of the class; Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. Plaintiff has no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiff and proposed Class Counsel. Defendant has acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiff and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

CROSNER LEGAL, P.C.

41. The Class is properly brought and should be maintained as a class action because a class action is superior to traditional litigation of this controversy. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a. The joinder of hundreds or thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b. The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive to justify individual actions;

c. When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

f. This class action will assure uniformity of decisions among Class Members;

g. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation; and

h. Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action.

42. Additionally or in the alternative, the Class also may be certified because Defendant has acted or refused to act on grounds generally applicable to the Class thereby making final declaratory and/or injunctive relief with respect to the members of the Class as a whole, appropriate.

43. Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the Class, on grounds generally applicable to the Class, to enjoin and prevent

CROSNER LEGAL, P.C.

Defendant from engaging in the acts described, and to require Defendant to provide full restitution to Plaintiff and the Class members.

**COUNT I**
**VIOLATION OF THE TCPA'S NDCR REGULATIONS**
**47 U.S.C. § 227(C) AND 47 CFR § 64.1200(C)**
**(ON BEHALF OF PLAINTIFF AND THE NDCR CLASS)**

44. Plaintiff incorporates the foregoing allegations as if fully set forth herein. Plaintiff brings this claim individually and on behalf of the members of the proposed NDCR Class against Defendant.

45. Plaintiff's and NDCR Class members' cellular telephone numbers were registered on the National Do Not Call Registry for at least 31 days prior to receiving the complained-of texts from Defendant.

46. The TCPA's implementing regulations provide that no person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his telephone number on the NDCR. 47 C.F.R. § 64.1200(c)(2).

47. This restriction applies to "any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." 47 C.F.R. § 64.1200(e).

48. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based the violation these regulations, which were promulgated to protect telephone subscribers from unsolicited telephone telemarketing that they wish to avoid. 47 U.S.C. § 227(c).

49. Text messages are "calls" for purposes of the TCPA. *E.g. In re Rules & Regs. Implementing the TCPA*, 18 F.C.C. Rcd. at 14115.

50. Defendant violated 47 C.F.R. § 64.1200(c) by initiating multiple text message solicitations to telephone subscribers, including Plaintiff and NDCR Class members, who registered their respective telephone numbers on the NDCR, a listing maintained by the federal government of persons who do not wish to receive such solicitations.

51. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and members of the NDCR Class members received multiple text message solicitations in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

52. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the NDCR Class members are entitled to an award of $500.00 in statutory damages for each and every negligent violation and an award of $1,500.00 in statutory damages for each and every knowing or willful violation.

53. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the NDCR Class members are entitled injunctive relief to prevent further violations of the TCPA's NDCR regulations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

a. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as Class Counsel;

b. Declaring that Defendant's conduct, as set forth above, violates 47 C.F.R. sections 64.1200 (c), and that Plaintiff and the Classes are entitled to relief as provided by section 227(c)(5) of the TCPA;

c. Awarding statutory damages of $500 for each violation of the TCPA and trebling such damages up to $1,500 for each willful or knowing violation;

d. Entering injunctive relief prohibiting Defendant, its affiliates, agents, and anyone acting on its behalf from making telephone solicitations to numbers registered on the National Do Not Call Registry, and requiring compliance with the TCPA and its implementing regulations;

e. Awarding costs, expenses, and reasonable attorneys' fees as permitted by law; and

f. Awarding such other and further relief as the Court deems just and proper.

CROSNER LEGAL, P.C.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 16, 2026

CROSNER LEGAL, P.C.

By: /s/ *Michael T. Houchin*
Michael T. Houchin

Michael T. Houchin (SBN 305541)
mhouchin@crosnerlegal.com
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
***Attorneys for Plaintiff and the Proposed Class***